IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| MATTIE WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>INGLES MARKETS, INC.,<br><br>Defendant. | ) | CIVIL ACTION FILE NO:<br>3:25-CV-00258-LMM |

**DEFENDANT INGLES MARKETS, INC. AND JOSHUA DAVIS'S INITIAL DISCLOSURES**

(1) If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Disclosure**: The Defendant's legal name is properly identified.

(2) Provide the names of any parties whom Defendant contends are necessary parties, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the reasons for the Defendant's contentions.

**Disclosure**: At this time, Ingles do not contend that there are other necessary parties to this action.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendant in the responsive pleading.

**Disclosure**: Ingles has not asserted any counterclaims or crossclaims. It was a rainy day on the date of the accident. A wet floor sign was placed near the entrance of the store. The Plaintiff entered the store and passed by the wet floor. After she purchased her groceries, she fell as she was preparing to exit the store in the area where the wet floor sign was located.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendants contend are applicable to this action.

**Disclosure**: Discovery into the facts and circumstances of this case is just beginning. Defendants rely upon common law principles of negligence, causation, pre-existing condition, reasonableness of medical care, and damages in this case. The Defendant will also rely upon Georgia rainy day slip and fall caselaw as set forth in Gibson v. Consolidated Credit Corp., 110 Ga. App. 170, 173 (1964); Walker v. Sears Roebuck & Co., 278 Ga. App. 677, 680 (2006); Roberts v. Outback Steakhouse of Florida, Inc., 283 Ga. App. 269, 270 (2007); Season All Flower Shop, Inc. v. Rorie, 323 Ga. App. 529 (2013).

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information (Attach witness list to Initial Disclosures as Attachment A.)

**Disclosure**: See Attachment A.

(6) Provide the name of any person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Disclosure**: None at this time. The Defendants will supplement as experts are identified.

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Disclosure**: See Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**<u>Disclosure</u>**: Ingles is not seeking any damages from the Plaintiff in this case at this time.

(9) If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

**<u>Disclosure</u>**: At this time and subject to further discovery, Mr. Davis and Ingles do not contend that some other person or legal entity is, in whole or in part, liable to the Plaintiff or the Defendant in this matter.

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy

the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Disclosure**: See Attachment E.

This 26th day of January, 2026.

**FREEMAN MATHIS & GARY, LLP**

By: */s/ James W. Scarbrough*
James W. Scarbrough
Georgia Bar No. 628328
*Attorney for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 – phone
(833) 330-3669 – fax
James.Scarbrough@fmglaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing ***Defendant Ingles Markets, Inc.'s Initial Disclosures*** upon opposing counsel of record via the CM/ECF system, which will automatically send e-mail notification to the following attorneys:

**Dax Lopez**
**Prieto, DelCampo, Lopez**
**& Marigliano, LLC**
**1555 Mount Vernon Road**
**Atlanta, Georgia 30338**
**Dlopez@pdlmlaw.com**
*Attorney for Plaintiff*

This 26th day of January, 2026.

*/s/ James W. Scarbrough*
James W. Scarbrough
Georgia Bar No. 628328
*Attorney for Defendant*

**Attachment A -Witness List**

1. Gerald Bass, employed by Ingles and may be contacted through its attorney;
2. Jasime Moon, 9202 Apple Court, Jonesboro, Georgia 30238
3. Nya Murray, employed by Ingles and may be contacted through its attorney;
4. Elisa Wehunt, 160 Mountain View Court, Fayetteville, Georgia 30215
5. Jessica Denton, employed by Ingles and may be contacted through its attorney.

## Attachment B – Experts

None at this time.

**Attachment C – Document List**

1. Incident Notice to Ingles Risk Management;
2. Store Hazard Recognition Policy;
3. Store Sweep log;
4. Emails regarding accident;
5. Email statement of Jasmine Moon;
6. Email Statement of Elisa Wehunt;
7. Email with Plaintiff;

# Attachment E

Ingles has a self-insured retention limit of $1 million. Safety National Casualty Corp. provides $31million combined single limit per occurrence subject to the self-insured retention limit of $1 million. There are various layers of excess and umbrella coverage after the Safety National Casualty Corp. policy which can be provided upon request.